**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-4991**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHNNY HYMAN PALMER,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Terrence W. Boyle, District Judge. (CR-04-13)

─────────────

Submitted: February 7, 2007          Decided: March 9, 2007

─────────────

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Vidalia Patterson, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Hyman Palmer pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Palmer's adjusted total offense level of 19 and his criminal history category of IV yielded a guideline range of 46 to 57 months imprisonment. At sentencing, Palmer's attorney argued for a sentence below the advisory guidelines range[1] based on: (1) the age of Palmer's prior felony convictions (both of which occurred when he was 18-19 years old); (2) Palmer's poor health (diabetes and kidney failure); and (3) his interest in maintaining a relationship with his three children and the mother of his two youngest children. The district court sentenced Palmer to 46 months imprisonment--the bottom of the guidelines range--without any comment on his arguments for a below-guidelines sentence or any mention of, or reference to, the factors enumerated in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). Palmer's only argument on appeal is that the district court failed to adequately articulate its reasons for his sentence. We agree.

This court reviews a district court's sentence for reasonableness. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). "Consistent with the remedial scheme set forth in [United States v.] Booker, [543 U.S. 220 (2005),] a district court

---

[1]Palmer was sentenced after United States v. Booker, 543 U.S. 220 (2005)

- 2 -

shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." Id. at 546. Next, the district court must consider this range in conjunction with other relevant factors under the guidelines and § 3553(a) and impose a sentence. Hughes, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47 (citations omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006) (citations omitted). "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir.) (internal quotation marks and citation omitted), petition for cert. filed, ___U.S.L.W.___ (U.S. July 21, 2006) (No. 06-5439).

A post-Booker sentence may be unreasonable for procedural or substantive reasons. "A sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons or fails to make a necessary factual finding." United States v. Moreland, 437 F.3d 424, 434 (4th Cir.) (citations omitted), cert. denied, 126 S. Ct. 2054 (2006). While a district court must consider the various factors listed in § 3553(a) and explain its sentence, it need not "robotically tick through § 3553(a)'s every subsection" or

"explicitly discuss every § 3553(a) factor on the record." Johnson, 445 F.3d at 345. "This is particularly the case when the district court imposes a sentence within the applicable Guidelines range." Id. (citation omitted).

However, "a district court's explanation should provide some indication (1) that the court considered the § 3553(a) factors with respect to the particular defendant; and (2) that it has also considered the potentially meritorious arguments raised by both parties about sentencing." Montes-Pineda, 445 F.3d at 380 (citations omitted). "[I]n determining whether there has been an adequate explanation, [the court does] not evaluate a court's sentencing statements in a vacuum." Id. at 381. Rather, "[t]he context surrounding a district court's explanation may imbue it with enough content for [the court] to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." Id.

On the record before us, we are unable to discern whether the district court considered the § 3553(a) factors or whether it did so properly. Accordingly, we vacate Palmer's sentence and remand for resentencing in order to allow the district court to articulate its reasons in imposing sentence.[2] We dispense with

_____

[2]We note that the district court sentenced Palmer prior to our decisions in Moreland, Johnson, and Montes-Pineda, and thus did not have the benefit of the guidance provided by those cases. We further note that the district court is free on remand to impose the same sentence or a different one; nothing in this opinion

oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

should be read to suggest that we have formed any view regarding the appropriate outcome of Palmer's resentencing.